IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANINE A. BILYEU )
 )
    v. ) NO. 3:09-0909
 )
THE METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON )
COUNTY, TENNESSEE, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered October 21, 2009 (Docket Entry No. 12), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the motion for partial dismissal filed by the Metropolitan Government of Nashville and Davidson County, Tennessee and the Metropolitan Nashville Public Schools (filed October 21, 2009; Docket Entry No. 10), to which the Plaintiff has filed a response in opposition (Docket Entry Nos. 17-18).

For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

The Plaintiff is a former employee of the Metropolitan Nashville Public Schools ("MNPS"). She was employed by MNPS as a school teacher beginning in 1997, and continuing through January 2004.

In December 2001, she brought a federal lawsuit against the "City of Nashville" and other parties alleging gender discrimination, sexual harassment, and retaliation based on alleged actions of the principal and a co-worker at the school where the Plaintiff was teaching at the time. See Bilyeu v. City of Nashville, et al., No. 3:01-1553. This action was dismissed after a bench trial in February 2004, and the judgment was affirmed upon appeal. See Bilyeu v. Metropolitan Government of Nashville and Davidson County, 136 Fed.Appx. 786, 2005 WL 1385923 (6th Cir. 2005) ("Bilyeu I").

After her employment ended in January 2004, the Plaintiff unsuccessfully sought re-employment with MNPS throughout the remainder of 2004 and into 2005. In July 2005, she filed a federal lawsuit against Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") alleging that MNPS retaliated against her because of her prior charge of discrimination to the Equal Employment Opportunity Commission ("EEOC") and because of her first lawsuit by improperly treating her as having resigned in January 2004, and by refusing to rehire her. See Bilyeu v. Metropolitan Government of Nashville and Davidson County, Tennessee, No. 3:05-0579 ("Bilyeu II"). In August 2007, the parties in Bilyeu II filed a stipulation of dismissal with prejudice and the case was dismissed. See Docket Entry No. 70 in Bilyeu II.[1]

The Plaintiff asserts that in the summer of 2008, she again sought employment with the MNPS on eight occasions and was denied employment each time. On September 29, 2009, she filed

---

[1] The Plaintiff's subsequent motion to set aside the order of dismissal in Bilyeu II was denied.

the instant pro se action asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Tennessee Human Rights Act, Tenn. Code. Ann. §§ 4-21-101 et seq. ("THRA"), the Tennessee Public Protection Act ("TPPA"), Tenn. Code. Ann. § 50-1-304, and under the 14th Amendment's Due Process clause. See Complaint (Docket Entry No. 1). The Plaintiff has subsequently filed a First Amended Complaint adding claims under Section 704(a) of Title VII and under the "1st Amendment right to freedom of speech as it pertains to the Whistleblowers act." See Docket Entry No. 20, at 1.

The Plaintiff alleges that MNPS's refusal to rehire her is an act of retaliation against her because of her prior lawsuits against Metro and MNPS. She also alleges that she was discriminated against because of her age when younger, less qualified applicants were hired instead of her.[2] Additionally, the Plaintiff asserts that incorrect and/or false information is contained in her MNPS employment file and is given to prospective employers, that she has not been provided with full access to certain MNPS records, that a conspiracy exists to prevent her from being re-hired, and that she was not provided with due process when her employment ended in January 2004. See First Amended Complaint (Docket Entry No. 20). Named as defendants in her complaint are Metro; MNPS; Dr. Pedro Garcia, the former MNPS Director of Schools; Dr. June Keel, the MNPS Assistant Superintendent, Director of Human Resources; and Dr. Gene Foster, the MNPS Assistant Director of Human Resources Grades 9-12.[3]

---

[2] Although the Plaintiff also marked race and sex as the basis of her discrimination claims in the charge of discrimination she filed, see Attachments to Complaint (Docket Entry No. 1), at 12, she does not assert claims of racial or gender discrimination in the instant action. Further, although the Plaintiff alleges that she was discriminated against because of her age, she does not specifically refer to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

[3] The Petitioner also includes "Nashville Teaching Fellows" and "Teach For America, Inc." in the caption of her First Amended Complaint. However, these entities are not named as defendants in the

3

In lieu of an answer, Metro and MNPS have filed a joint motion for partial dismissal. See Docket Entry No. 10.[4] Initially, MNPS argues that it is not an entity capable of being sued and should thus be dismissed as a defendant. Metro and MNPS also contend that the Plaintiff's claim for retaliatory discharge under Tenn. Code. Ann. § 50-1-304 and her claim under the Fourteenth Amendment are time-barred and are further not supported by the alleged facts.[5] The Plaintiff has filed a response in opposition (Docket Entry Nos. 17-18) to the motion.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct.

---

listing of parties and no specific claims are made against them. See Docket Entry No. 20. Accordingly, the Court shall not consider these entities as defendants in this action.

[4] None of the three individually named defendants joined in the motion for partial dismissal, and the individual defendants have not answered or otherwise responded to the complaint. The record does not reflect the issuance of summons for these defendants and the Plaintiff has not filed returns of service for them. Therefore, it is not clear whether they have been served, and the Plaintiff's claims against them may be subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

[5] The motion for partial dismissal was filed several months prior to the Plaintiff's First Amended Complaint.

4

1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. ANALYSIS

1. MNPS as a Named Defendant

The motion should be granted as it pertains to MNPS. The Plaintiff has named both Metro and MNPS as defendants to this action. However, only Metro is an entity capable of being sued in this action. See Johnson v. Metropolitan Government of Nashville and Davidson County, Tenn., 2008 WL 2066475 (M.D.Tenn. May 13, 2008); Haines v. Metropolitan Government of Davidson County, 32 F.Supp.2d 991, 994 (M.D. Tenn. 1998). Any claims the Plaintiff seeks to assert against MNPS are essentially the same as and are subsumed within her claims against Metro.

The Plaintiff's argument that Haines does not apply because the underlying claims in Haines were based on Title IX, not Title VII, is meritless. MNPS is not an entity capable of being sued regardless of the nature of the underlying claims alleged by the Plaintiff.

5

## 2. Constitutional and Whistleblower Claims

The motion should also be granted because the Petitioner's Constitutional and Whistleblower claims are untimely. The statute of limitations for claims based on federal civil rights protections is the one-year statute of limitations set out in Tenn. Code. Ann. § 28-3-104(a)(3). See Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). Accordingly, the Plaintiff must have filed her Fourteenth Amendment Due Process claim within one year of when she knew or had reason to know of the injury which is the basis of her action. See Kelly v. Burks, 415 F.3d 558, 561 (6th Cir. 2005). The Plaintiff's Fourteenth Amendment claim is clearly based upon her belief that she was denied a hearing and/or some other type of procedural process upon her separation from employment in 2004. As such, she knew of the injury forming the basis of her claim at that time and had one year from her separation from employment to file a claim. The Plaintiff's arguments that the statute of limitations should be tolled and that she was unaware of her claim until recently are both unsupported by relevant legal authority and unpersuasive.

The Petitioner's retaliatory termination claim under the TPPA is similarly untimely. A retaliatory discharge claim under the TPPA is governed by a one-year statute of limitations and accrues when the Plaintiff knew or should have known that an injury had been sustained. See Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001); Weber v. Moses, 938 S.W.2d 387, 393 (Tenn. 1996). The Plaintiff's separation from employment occurred in 2004, and any possible retaliatory discharge claim must have been based upon that separation.[6] The Plaintiff was clearly aware of her separation at the time it occurred and, thus, had one year from that separation within which to pursue her retaliatory discharge claim.

---

[6] Tenn. Code. Ann. § 50-1-304(b) provides that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities."

In the First Amended Complaint, the Plaintiff asserts a claim based on "1st Amendment right to freedom of speech as it pertains to the Whistleblowers act." See Docket Entry No. 20, at 1. The exact nature of this claim is unclear to the Court. However, it appears that this claim is linked to the TPPA and the Plaintiff's separation from employment in 2004. As such, this claim is likewise barred as untimely since a one-year statute of limitations applies to the claim whether brought as a First Amendment claim under 42 U.S.C. § 1983 or as a claim under the TPPA.

In response to the motion for partial dismissal, Plaintiff argues that the instant lawsuit is an extension of Bilyeu II and that she is renewing or reviving prior claims brought in that action. See Plaintiff's Response (Docket Entry No. 17), at 1, and Plaintiff's Memorandum in Support (Docket Entry No. 18), at 5. There is no merit in this argument. The instant action is limited to the Petitioner's newly asserted claims and any claims brought in Bilyeau II cannot be pursued in the instant action. All claims brought in Bilyeu II have been resolved since that case was dismissed with prejudice.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for partial dismissal (Docket Entry No. 10) be GRANTED and:

1) Metropolitan Nashville Public Schools be DISMISSED as a defendant in the action; and

2) the Plaintiff's claims under Tenn. Code. Ann. § 50-1-304 and her claims under the Fourteenth and First Amendments be DISMISSED.[7]

---

[7] If this Report and Recommendation is adopted, the only claims remaining in this action will be the Plaintiff's retaliation claims under Title VII and her age discrimination claims under the THRA and the ADEA.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                      Respectfully submitted,

                      JULIET GRIFFIN
                      United States Magistrate Judge