IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANINE A. BILYEU )
 )
 v. ) NO. 3:09-0909
 )
THE METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON )
COUNTY, TENNESSEE, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMENDATION

By Order entered October 21, 2009 (Docket Entry No. 12), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the Plaintiff's motion for interlocutory relief (Docket Entry No. 21), to which Defendant Metropolitan Government of Nashville and Davidson County, Tennessee has filed a response in opposition (Docket Entry No. 27). The Plaintiff has also filed a reply (Docket Entry No. 31).[1] For the reasons set out below, the Court recommends that the motion be denied.

---

[1] The Plaintiff's pending request to amend her complaint (Docket Entry No. 28) is addressed by separate order.

## I. BACKGROUND

The Plaintiff is a former employee of the Metropolitan Nashville Public Schools ("MNPS") who was employed as a school teacher beginning in 1997, and continuing through January 2004. On September 29, 2009, she filed the instant action pro se against the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro"); MNPS; Dr. Pedro Garcia, the former MNPS Director of Schools; Dr. June Keel, the MNPS Assistant Superintendent, Director of Human Resources; and Dr. Gene Foster, the MNPS Assistant Director of Human Resources Grades 9-12.[2] The Plaintiff asserted claims under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Tennessee Human Rights Act, Tenn. Code. Ann. §§ 4-21-101 et seq. ("THRA"), the Tennessee Public Protection Act ("TPPA"), Tenn. Code. Ann. § 50-1-304, and under the First and Fourteenth Amendments. See Complaint (Docket Entry No. 1) and First Amended Complaint (Docket Entry No. 20).

The Plaintiff alleges that she unsuccessfully sought re-employment with MNPS during the summer of 2008, and contends that MNPS's refusal to rehire her was an act of retaliation against her because of her two prior lawsuits against Metro and MNPS.[3] She also alleges that she was

---

[2] The Petitioner also includes "Nashville Teaching Fellows" and "Teach For America, Inc." in the caption of her First Amended Complaint. However, these entities are not named as defendants in the listing of parties and no specific claims are made against them. See Docket Entry No. 20. Summons have also not been issued to these entities. Accordingly, the Court does not consider them to be parties to this action. See also Docket Entry No. 35.

[3] Bilyeu v. City of Nashville, et al., No. 3:01-1553, was dismissed after a bench trial in February 2004, and the judgment was affirmed upon appeal. See Bilyeu v. Metropolitan Government of Nashville and Davidson County, 136 Fed.Appx. 786, 2005 WL 1385923 (6th Cir. 2005) ("Bilyeu I"). Bilyeu v. Metropolitan Government of Nashville and Davidson County, Tennessee, No. 3:05-0579 ("Bilyeu II"), was dismissed in August 2007, after the parties entered into a stipulation of dismissal with prejudice. For a more complete synopsis of the two prior lawsuits, see the Report and Recommendation entered March 10, 2010 (Docket Entry No. 24).

2

discriminated against because of her age when younger, less qualified applicants were hired instead of her.[4] Additionally, the Plaintiff asserts that incorrect and/or false information is contained in her MNPS employment file and is given to prospective employers, that she has not been provided with full access to certain MNPS records, that a conspiracy exists to prevent her from being re-hired, and that she was not provided with due process when her employment ended in January 2004. See First Amended Complaint (Docket Entry No. 20).

By Order entered April 1, 2010, the Court dismissed MNPS from the action, dismissed the Plaintiff's TPPA claims under Tenn. Code Ann, § 50-1-304, and dismissed the Plaintiff's First and Fourteenth Amendment claims. See Docket Entry No. 29.

## II. MOTION FOR INTERLOCUTORY RELIEF

In her motion for interlocutory relief (Docket Entry No. 21), the Plaintiff seeks the following relief:

(1) an order prohibiting MNPS from providing false information regarding the Plaintiff's period of employment at MNPS and requiring MNPS to provide the correct information to the TALX Corporation;

(2) an order requiring MNPS to consider Plaintiff among equally or less qualified applicants for any position with MNPS for which Plaintiff applies;

(3) an order requiring MNPS to remove the comment "Do Not Interview" from any documents forwarded to principals, assistant principals, department heads, or any department within MNPS; and

---

[4]Although the Plaintiff alleges that she was discriminated against because of her age and specifically referred to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA") in her EEOC charge, see Docket Entry No. 1, at 12, she does not specifically refer to the ADEA in any of her pleadings.

3

(4) an order requiring MNPS to provide Plaintiff with any request she makes for "public records" without requiring her to obtain these records through discovery.

See Docket Entry No. 21, at 5-6.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Leary v. Daeschner, 228 F.3d 729, 736-39 (6th Cir. 2000); Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the Plaintiffs' request for a preliminary injunction, this Court must consider: (1) the Plaintiff's likelihood of prevailing on the merits of the case; (2) whether the Plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. Leary, 228 F.3d. at 736; Parker v. U.S. Department of Agriculture, 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason County Medical Associates v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

At this stage of the proceedings, the Plaintiff's likelihood of success on her claims is no greater than that of the Defendants. The Plaintiff has shown merely a possibility of success on the

4

merits, which is not sufficient to satisfy the first factor. Six Clinics Holding Corp., II v. CAFCOMP Systems, 119 F.3d 393, 407 (6th Cir. 1997). Therefore, the first factor weighs against the Plaintiff.

The second factor also does not favor the Plaintiff. In order to obtain a preliminary injunction, the movant must demonstrate that failure to receive an injunction is likely to result in irreparable harm. Kallstrom v. City of Columbus, 136 F.3d 1055, 1068 (6th Cir. 1998). The Sixth Circuit states that a plaintiff's harm "is irreparable if it is not fully compensable by monetary damages." Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 578 (6th Cir. 2002). The Plaintiff requests compensatory damages in this action, and if successful, the award of damages will adequately compensate her for any harm which she suffers.

Two bases for injunctive relief sought by the Plaintiff bear further mention. First, the Plaintiff seeks an order prohibiting MNPS from providing false information to the TALX Corporation ("TALX"), which administers an employment and income verification system for MNPS. See Docket Entry No. 27, at 9, n.1, apparently based on information provided by MNPS. Defendant Metro appears to concede that data provided to TALX reflected that the Plaintiff was an active employee in 2006, when, in fact, she was not employed after January 2004. Id. at 9. Defendant Metro asserts that it has taken steps to correct the information. Id. Although the Plaintiff suggests that prospective employers could form an "unfavorable impression" from the inaccurate information, she has failed to show that any prospective employer actually accessed TALX to verify her employment or that any such employer did form an "unfavorable impression," causing any irreparable harm to the Plaintiff.

The Plaintiff also seeks an order allowing her access to otherwise public MNPS records. It appears that Defendant Metro concedes that she has been prohibited from accessing records related to this lawsuit except through discovery in this case. See Docket Entry No. 27, at 8. However, Defendant Metro also maintains that the Plaintiff may obtain any public records unrelated to this

5

lawsuit through the Tennessee Public Records Act. Defendant Metro has not provided any legal authority to support its position that the Plaintiff is not entitled to access MNPS public records in the same manner as any other member of the public simply because she has filed this lawsuit. However, again, the Plaintiff has not shown that there are records to which she has sought access that cannot be obtained through the discovery process or that obtaining them through the discovery process has caused her any harm, much less irreparable harm.

The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the Plaintiff has not demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

The Plaintiff has failed to meet her burden of showing that the facts and circumstances of this action demand the extraordinary remedy of a preliminary injunction. Overstreet v. Lexington-Fayette Urban County Gov't., 305 F.3d 566, 573 (6th Cir. 2002).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Plaintiff's motion for preliminary injunctive relief (Docket Entry No. 21) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See

Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge