IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANINE A. BILYEU )
 )
   v. ) NO. 3:09-0909
 )
THE METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON )
COUNTY, TENNESSEE, et al. )

**O R D E R**

Presently pending are the Plaintiff's Request (Docket Entry No. 38) for leave of the Court to correct, clarify, and amend and the Plaintiff's Motion (Docket Entry No. 45) to amend her complaint. The motions are DENIED in part and GRANTED in part as set out below.

The pro se Plaintiff's complaint (Docket Entry No. 1) was filed on September 29, 2009, and she subsequently amended her complaint on March 1, 2010. See Docket Entry No. 20. The Plaintiff, a former school teacher employed by the Metropolitan Nashville Public Schools ("MNPS") from 1997 to 2004, alleges that she unsuccessfully sought re-employment with MNPS in 2008, and contends that MNPS's refusal to rehire her was an act of retaliation because of two prior lawsuits she had filed against the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") and MNPS.[1] She also alleges that she was discriminated against because of her age when younger, less qualified applicants were hired instead of her. Additionally, the Plaintiff asserts that incorrect and/or false information is contained in her MNPS employment file and is given to prospective employers, that she has not been provided with full access to certain MNPS records, that a conspiracy exists to prevent her from being re-hired, and that she was not provided with due process when her employment ended in

---

[1] Bilyeu v. City of Nashville, et al., No. 3:01-1553 ("Bilyeu I"), and Bilyeu v. Metropolitan Government of Nashville and Davidson County, Tennessee, No. 3:05-0579 ("Bilyeu II").

January 2004. Based upon these allegations, the Plaintiff asserted claims under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Tennessee Human Rights Act, Tenn. Code. Ann. §§ 4-21-101 et seq. ("THRA"), the Tennessee Public Protection Act, Tenn. Code. Ann. § 50-1-304 ("TPPA"), and under the First and Fourteenth Amendments. Named as defendants were Metro; MNPS; and three current or former MNPS administrators – Dr. Pedro Garcia, Dr. June Keel, and Dr. Gene Foster.

There were several shortcomings in the Plaintiff's initial pleadings, and on March 10, 2010, the undersigned recommended that the motion for partial dismissal filed by Metro and MNPS be granted. In the Report and Recommendation (Docket Entry No. 24), the undersigned also noted that: 1) "Nashville Teaching Fellows" and "Teach For America, Inc." were included in the caption of her first amended complaint but were not named as defendants in the listing of parties and no specific claims were made against them; and 2) the record did not reflect the issuance of summons for the three individually named defendants, the Plaintiff had not filed returns of service for them, and it was not clear whether they had been served. See Docket Entry No. 24, at 3 n.3 and 4 n.4. By Order entered April 1, 2010 (Docket Entry No. 29), the Court adopted the recommendation and dismissed MNPS from the action and dismissed the Plaintiff's TPPA and constitutional claims.

In her response to the Report and Recommendation, the Plaintiff sought to amend her complaint a second time to name two additional defendants, Karl Dean, the current Mayor of Metro and former head of the Metro Legal Department, and Jesse Register, the current MNPS Director. See Docket Entry No. 28. By Order entered April 28, 2010 (Docket Entry No. 41), the undersigned denied the request to amend, finding that the proposed amendment would be futile because the Plaintiff's allegations against Dean and Register would be insufficient to withstand a motion to dismiss for failure to state a claim.

2

The Plaintiff's two pending motions to amend are attempts by the Plaintiff to rectify the shortcomings of her pleadings and to bring claims against the individual defendants. In her request for leave, she seeks an extension of time to serve summons and "a corrected copy of the complaint" on "all parties named in the Amended Complaint." See Docket Entry No. 38. In her motion to amend, she seeks to file a third amended complaint (Docket Entry No. 45-1) specifically adding Dean, Register, Teach for America, Inc., and Nashville Teaching Fellows as defendants and specifically asserting a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"). See Docket Entry No. 45. In addition to filing the two motions, the Plaintiff had summons issued to Foster, Keel, Garcia, Dean, Metro, Nashville Teaching Fellows, and Teach for America, Inc. See Docket Entry Nos. 37, 46, 51-54, and 57. Responses in opposition to the Plaintiff's motions have been filed by the Nashville Teaching Fellows (Docket Entry Nos. 39 and 48), Foster and Keel (Docket Entry No. 44), and Dean and Register (Docket Entry No. 49).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." The United States Supreme Court has held that leave to amend should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "declared or apparent reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001) (citing General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990)). The Court of Appeals for the Sixth Circuit has consistently held that Rule 15(a) requires that amendments are to be granted with liberality. See, e.g., Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989), cert. denied sub nom, Superior Roll Forming Co. v. Interroyal Corp., 494 U.S. 1091, 110 S.Ct. 1839, 198

3

L.Ed.2d 967 (1990); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Howard v. Kerr Glass Manuf. Co., 699 F.2d 330 (6th Cir. 1983).

However, the Sixth Circuit has also held that amendments should be denied if such amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 633 (6th Cir. 2009); Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, U.S. , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In addition, the Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

The Plaintiff's efforts to rectify the shortcomings of her pleadings and to bring claims against new defendants are unavailing. The claims sought to be added by the proposed amendment are futile because they would not withstand a motion to dismiss for failure to state a claim.

The Plaintiff does not allege facts supporting arguable legal claims against either Teach for America, Inc. or Nashville Teaching Fellows under Title VII, the THRA, or the ADEA, which are the only remaining statutory bases set out for her claims. The Plaintiff's attempt to manufacture claims against these two entities based on the facts of this action are simply without merit.

4

Although the Plaintiff includes a new factual allegation in the proposed amended complaint which suggests that she unsuccessfully sought employment through Nashville Teaching Fellows, see Docket Entry No. 45-1, at 8 ¶ 41, this allegation is factually unspecific. The Plaintiff has not asserted that she sought employment with Teach for America but instead contends that, through its "age discriminatory acts" it narrowed the candidate pool to exclude her "from consideration of rehire" for a position with MNPS. Because the Plaintiff has no relationship to Teach for America as a job applicant or employee, she cannot maintain an employment discrimination claim against Teach for America. Further, the Plaintiff does not assert that claims under Title VII or the ADEA based on her allegations against Nashville Teaching Fellows or Teach for America have been administratively exhausted.

Additionally, any claim based upon the denial of employment through Nashville Teaching Fellows [2] or Teach for America has no factual connection to the claim that the Plaintiff was wrongfully denied employment with Metro in the summer of 2008.[3] Although Nashville Teaching Fellows argues that any claim against it would be time-barred, it is impossible to make that determination based on the lack of specificity of the Plaintiff's allegations, but, in any event, it is not necessary to consider its argument in light of the other reasons that the Plaintiff's claims against Nashville Teaching Fellows would be futile.

---

[2] Nashville Teaching Fellows maintains that it is not a separate legal entity but rather a program operated by The New Teacher Project, Inc., and jointly administered with MNPS. See Docket Entry No. 39, at 2 n.3.

[3] In her proposed amended complaint, the Plaintiff alleges that Mayor Dean was "actively seeking the services of . . . Teach for America and Nashville Teaching Fellows" during the summer of 2008, when she "attempted to interview back into MNPS," but that 2009 was the first year "Teach for America and Nashville Teaching Fellows were employed to recruit new teachers." See Docket Entry No. 45-1, at 9 ¶¶ 48-49.

5

There is no legal basis for a claim against any of the individual defendants under either Title VII or the ADEA. Absent facts showing that an individual defendant otherwise qualifies as an employer,[4] liability against individuals cannot be imposed under Title VII, see Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997), or the ADEA. See Smith v. Lomax, 45 F.3d 402, 403 (11th Cir. 1995); Liggins v. State of Ohio, 210 F.3d 373, 373, 2000 WL 178420 (6th Cir. Feb. 8, 2000); Simpson v. Vanderbilt Univ., 2008 WL 687096 (M.D.Tenn. Mar.11, 2008) (Wiseman, J.).

The THRA, however, does permit plaintiffs to pursue claims asserting individual liability in limited circumstances under the theory of aiding and abetting in accordance with T.C.A. § 4-21-301(2), which states that it "is a discriminatory practice for a person or for two (2) or more persons to . . . [a]id, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter." See Fite v. Comtide Nashville, LLC, 686 F.Supp.2d 735, 749 (M.D. Tenn. 2010) ; Rhea v. Dollar Tree Stores, 395 F.Supp.2d 696, 705 (W.D. Tenn. 2005). The Plaintiff recognizes this legal theory in her proposed amended complaint and, after reciting the THRA's prohibition against retaliatory conduct, "maintains that the defendants listed in paragraph #44 conspired in such a manner as to violate T.C.A. § 4-21-301(2)." See Docket Entry No. 45-1, at 12 ¶ 65. In paragraph 44 of the proposed amended complaint, the Plaintiff refers to Dean, Teach for America, and "the New Teacher Project."

An aiding and abetting claim under the THRA requires affirmative misconduct by the individual defendant beyond the employer defendant's own discriminatory acts. Fite, 686 F. Supp. 2d at 749 n.7. Further, the Sixth Circuit has held that a supervisor who is merely acting in fulfillment of his duties cannot be held individually liable for discrimination under the THRA. See Crutchfield v. Aerospace Ctr. Support, 1999 WL 1252899, at *2 (6th Cir. Dec. 14, 1999) (affirming a district court's grant of summary

---

[4] Such facts are not alleged by the Plaintiff.

6

judgment in favor of an individual defendant on a THRA claim when the defendant's actions adverse to the plaintiff's employment all were within the legitimate scope of the defendant's delegated management authority); Dobson v. City of Gallatin, 2006 WL 3805659, *15 (M.D.Tenn. Dec. 22, 2006) ( Trauger, J.). The Plaintiff's amended complaint fails to allege facts supporting such an aiding and abetting claim against Dean[5] under any plausible scenario. Merely alleging that an individual took actions in furtherance of his official duties cannot give rise to individual liability under the THRA. Dobson, supra.

Accordingly, the motion to amend (Docket Entry No. 45) is DENIED to the extent that it seeks to add Karl Dean, Jesse Register, Nashville Teaching Fellows, or Teach for America, Inc., as defendants. The motion to amend is GRANTED only to the extent that it clarifies that the Plaintiff specifically asserts a claim against Metro under the ADEA.

The motion for leave (Docket Entry No. 38) is GRANTED nunc pro tunc to the extent that the Plaintiff seeks to extend the time limit provided by Rule 4(m) of the Federal Rules of Civil Procedure to serve the defendants Keel, Foster, and Garcia.[6] While the Court acknowledges the cases from the Court of Appeals for the Sixth Circuit, cited by Defendants Keel and Foster, affirming decisions dismissing defendants for a plaintiff's failure to provide good cause for failing to serve the defendants within the 120 days, the literal reading of Rule 4(m) of the Federal Rules of Civil Procedure allows the Court to (1) dismiss the action or (2) order that service be effected within a specified time. If the plaintiff

---

[5] As written, the proposed amended complaint asserts an aiding and abetting claim against only Dean since he is the only individual listed in paragraph 44. To the extent that the Plaintiff intends for her proposed amended complaint to be construed as asserting an aiding and abetting claim against any of the other named or proposed individual defendants, there is similarly no plausible factual basis for such claims in the proposed amended complaint.

[6] It appears that the Plaintiff sought a 14 day extension from the date of her motion to effect service upon defendants Keel and Foster. See Docket Entry Nos. 51-52. It does not appear that there is any question that defendant Metro has been served. However, there is no indication that Defendant Garcia has been served, and the Plaintiff's claims against him are now subject to dismissal under Rule 4(m).

7

shows good cause, the Court <u>must</u> extend the time, but Rule 4(m) does not mandate that the Court dismiss claims against defendants not served within 120 days even if there is no showing of good cause, and the Court has discretion to permit late service even absent a showing of good cause. <u>See</u> <u>Henderson v. United States</u>, 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). <u>See also</u> Advisory Committee Comments to 1993 Amendments to Rule 4(m) (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"). Given the Plaintiff's <u>pro se</u> status, the plaintiff's clear intention to litigate her claims, and the fact that a dismissal under Rule 4(m) would be without prejudice and would allow the Plaintiff to bring a subsequent action against Defendants Foster and Keel, the Court finds that it is appropriate to permit the untimely service of Defendants Keel and Foster and to decide the Plaintiff's claims against them on grounds other than timeliness of service of process upon them.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. <u>See</u> Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

8

Case 3:09-cv-00909   Document 62   Filed 06/23/10   Page 8 of 8 PageID #: 363