UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANINE A. BILYEU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3: 09-cv-0909 |
| ) | Judge Sharp |
| v. ) | |
| ) | |
| THE METROPOLITAN ) | |
| GOVERNMENT OF NASHVILLE AND ) | |
| DAVIDSON COUNTY, TENNESSEE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On March 23, 2012, the Magistrate Judge entered a Report and Recommendation ("R&R") (Docket Entry No. 156), recommending that the Motion for Summary Judgment filed by the Metropolitan Government of Nashville and Davidson County, Tennessee, Gene Foster, and June Keel (Docket Entry No. 98) be granted with respect to Plaintiff's Title VII and ADEA claims on the ground that the action was not timely filed as to these claims, that the Title VII and ADEA claims be dismissed with prejudice, and the Motion otherwise be denied as moot in all other respects; the Motion for Summary Judgment filed by Plaintiff (Docket Entry No. 100) be denied as moot in light of the recommendation for dismissal of the Title VII and ADEA claims; and Plaintiff's Motion for Permanent Injunction (Docket Entry No. 143) be denied in light of the recommended dismissal of Plaintiff's federal claims, with leave to renew in any state court action. The parties were specifically advised in the R&R that any objections to the recommended disposition must be filed within fourteen days, to which Plaintiff filed a timely objection (Docket Entry No. 163).

In essence, Plaintiff's objection centers on her belief that the Right to Sue letter, although delivered while she was out of town, was nevertheless received within the 90 day statutory filing period. However, applying the proper presumption as to receipt following mailing, the Magistrate Judge found that Plaintiff missed her filing deadline.

> The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000). Plaintiff acknowledges that based on her inability to rebut this presumption with proof that she did not receive the Right to Sue letter within the five day period, the presumptive notice rule applies and consequently, she filed her action outside the 90 day statutory filing period. Despite Plaintiff's failure to set forth such proof, she asserts that equitable circumstances exist. The Sixth Circuit has identified five factors to consider when determining whether it is appropriate to apply the doctrine of equitable tolling to a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing the claim. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988). Upon the Magistrate Judge's proper consideration of all of the above-mentioned factors, it is the Court's recommendation that Plaintiff has not shown these factors or any other compelling reason to apply equitable tolling to her case.

Having conducted a *de novo* review of the matter in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommendations and further adds that despite Plaintiff's request, a hearing on the matter is not necessary. Accordingly,

(1) The Report and Recommendation (Docket Entry No. 156) is hereby ACCEPTED and APPROVED;

(2) The Motion for Summary Judgment filed by the Metropolitan Government of Nashville and Davidson County, Tennessee, Gene Foster, and June Keel (Docket Entry No. 98) is hereby GRANTED IN PART, with respect to Plaintiff's Title VII and ADEA claims on the basis that the action was not timely filed as to these claims, and DENIED AS MOOT IN PART in all other respects;

(3) Plaintiff's Title VII and ADEA claims are hereby DISMISSED WITH PREJUDICE;

(4) Plaintiff's Motion for Summary Judgment (Docket Entry No. 100) is hereby DENIED AS MOOT in light of the recommendation for dismissal of Plaintiff's Title VII and ADEA claims; and

(5) Plaintiff's Motion for Permanent Injunction (Docket Entry No. 143) is hereby DENIED in light of the recommended dismissal of Plaintiff's federal claims, with leave to renew in any state court action.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

It is SO ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE